## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ASIA JOHNSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 18-415 |
| v. | ) | |
| | ) | |
| **CHRISTOPHER WYLIE,** | ) | |
| **ALEKSANDR KOGAN,** | ) | |
| **JOHN BOLTON,** and **CAMBRIDGE** | ) | |
| **ANALYTICA,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff, Asia Johnson, *pro se*, filed an "Application to Proceed in District Court Without Prepaying Fees or Costs," (ECF No. 1), with an attached complaint that purports to sue Christopher Wylie, Aleksandr Kogan, John Bolton and Cambridge Analytica and contains rather disjointed averments. Attached to the complaint is a copy of correspondence dated February 2, 2018 indicating that it is from Michael Glassner, Executive Director of Trump Make America Great Again Committee, to plaintiff requesting that she complete a questionnaire and make a contribution to the committee. (ECF No. 3-1). Also attached to the complaint is what appears to be a March 2, 2018 letter from President Donald J. Trump requesting a contribution to his re-election campaign and indicating that by making such a contribution plaintiff would be placed on a Presidential Honor Roll. (ECF No. 3-2).

This court granted plaintiff leave to proceed *in forma pauperis* based on her showing of indigence. <u>Gray v. Martinez</u>, 352 F. App'x 656, 658 (3d Cir. 2009) (indicating that in "this

Circuit, . . . if [the court] is convinced that [plaintiff] is unable to pay the court costs and filing

fees, the court will grant leave to proceed *in forma pauperis* . . . [and] thereafter considers the

separate question whether the complaint should be dismissed."). Pursuant to 28 U.S.C. §

1915(e), prior to ordering service of the complaint without payment of the filing fee, however,

the court must dismiss the case if it determines that the action is "frivolous or malicious," 28

U.S.C. § 1915(e)(2)(B)(i), or "fails to state a claim on which relief may be granted," 28 U.S.C. §

1915(e)(2)(B)(ii). Roman v. Jeffes, 904 F.2d 192, 195 ("the appropriate time to make a decision

to dismiss a case pursuant to § 1915 is before service of a complaint).

The purpose of the *in forma pauperis* statute, 28 U.S.C. § 1915, is to assure equal and

meaningful access to the courts for indigent litigants. Neitzke v. Williams, 490 U.S. 319, 324,

329 (1989). Congress also provided in the *in forma pauperis* statute for dismissal of complaints

under certain circumstances in order to "prevent abusive or captious litigation" that could result

because a plaintiff proceeding *in forma pauperis* does not have the economic incentive ordinarily

created by otherwise required filing fees and costs to refrain from filing frivolous, malicious or

repetitive lawsuits. Neitzke, 490 U.S. at 324.

A complaint filed pursuant to the *in forma pauperis* statute is subject to preservice

dismissal under § 1915(e)(2)(B)(i)[1] where it is based upon indisputably meritless legal theory or

factual assertions that are clearly baseless. Neitzke, 490 U.S. at 327. In determining whether the

factual assertions are clearly baseless, and the complaint therefore is frivolous, the court may

pierce the veil of the complaint and need not accept its allegations as true. Denton v.

Hernandez, 504 U.S. 25, 33 (1992). Examples of baseless claims include "claims describing

fantastic or delusional scenarios, claims with which federal district judges are all too familiar."

---

[1] Section 1915(e)(2)(B) was formerly codified at § 1915(d).

490 U.S. at 328.   Additionally, as provided for expressly by § 1915(e)(2)(ii), the court also must

dismiss the complaint if it fails to state a claim on which relief can be granted, which is the same

standard for dismissing a claim under Federal Rule of Civil Procedure 12(b)(6).  Scheib v.

Butcher, Civ. Act. No. 14-cv-1247, 2014 WL 4851902, at * 1 (W.D. Pa. Sept. 25, 2014).

Plaintiff's complaint indicates that the action is brought pursuant to the "1 Amendment"

and "Royal Law." (ECF No. 3 at 4).  It lists the names of the defendants in the caption and in the

section requesting identification of the defendants, (ECF No. 3 at 1-3), but does not provide their

addresses or further mention them anywhere in the complaint.  With respect to the amount in

controversy, the complaint states "How much I lost I was honored by the President and my

facebook data was giving out." (ECF No. 3 at 5).  The statement of her claims is that: "2016 my

facebook was took with only police access all my information was exposed my address my

phone number for me and my family photos of us my son and I ID was exposed."  (ECF No. 3 at

6).  Finally, with respect to relief the complaint states only that plaintiff seeks from defendants

"facebook data."  (ECF No. 3 at 6).

Based upon review of the complaint, the court determines that the claims presented and

relief sought by plaintiff are based on a fantastic or delusional factual scenario.  Neitzke, 490 at

327-328.  Ordinarily, upon dismissing a complaint a court must grant plaintiff the opportunity to

amend, if amendment can cure the deficiencies in the complaint.  Where, however, amendment

cannot cure the deficiencies, such as where the complaint is frivolous under § 1915(e)(2)(B)(i),

the court may dismiss the complaint with prejudice without leave to amend.  Grayson v.

Mayview State Hosp., 293 F.3d 103, 112-113 (3d Cir. 2002) ("[D]ismissals of frivolous claims

do not require leave to amend."). Based upon the court's determination that the complaint is frivolous, it will dismiss the complaint without leave to amend.[2]

An appropriate order follows.


Dated: May 16, 2018                                        By the court,


                                                           s/ Joy Flowers Conti
                                                           Joy Flowers Conti
                                                           Chief United States District Judge


cc:      Asia Johnson
         1807 West St., Apt. 2
         Munhall, PA 15120

---

[2] On May 8, 2018, plaintiff filed a completed Washington state form RCW 4.28.100 motion for service by mail. (ECF No. 4). As a result of the court's determination that it will dismiss the complaint as frivolous, the motion will be denied as moot.